### *DOW* vs. *SHIMMIN.**

APPEAL from the court of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court. This is an action, for work and labor done by the plaintiff, for the defendant, in filling up the latter's lots, with dirt, on a *quantum meruit,* $480, are claimed.

The answer admits the work and labor, but avers that it was performed under a special written contract, in which the compensation

If a written synallagmatic contract be deposited in the hands of a third party, who gives to each of the contracting parties a receipt for it, it will be read in evidence, at least as a beginning of proof.

* This opinion was delivered in May, but was not printed with the cases of that term, a motion having been made for a rehearing.

East'n. District.
*July* 1825.

Dow
*vs.*
SHIMMIN.

of the plaintiff was fixed at $195 50. The defendant avers the writing has come into the hands of the plaintiff, and he prays, that on his failing to produce it, testimony of its contents may be received.

The plaintiff had judgment for $195 50, and appealed.

The record shews that at the trial, the defendant offered in evidence the written contract, which it appeared had been deposited with J. O'Brien. The plaintiff objected to its being read, as it contained sygnallamatic obligations, and was not made double. The plaintiff's objection was overrulled, and the plaintiff's counsel took a bill of exceptions.

The defendant offered O'Bryen, the writer and depository of the contract, to prove the execution and deposit of it. This was objected to. The plaintiff took a bill of exceptions, on the objection being overruled.

O'Brien deposed, when the written contract was entered into, it was deposited with him for safe keeping, and he gave to each of the parties a receipt for it. He said it was the only contract made and he gave evidence of its contents and recognised one of his receipts that was produced. He reduced the contract

to writing in presence of both parties, and sub-
scribed it himself as a witness.

The written agreement, deposited in the
hands of a third party, who gave each party a
copy, is at least *prima facie* evidence of their
bargain and the testimony of this common friend,
appears to place it beyond doubt. We think
the court below did not err, either in admitting
it, or the evidence of the writer, in addition to
the agreement, admitting it did not make full
proof.

The agreement being fully established, it ap-
pears judgment was correctly given on it.

It is therefore ordered, adjudged and de-
creed, that the judgment of the parish court be
affirmed with costs.

The court, having at this term, heard coun-
sel, on a rehearing, PORTER, J. delivered the
opinion of the court. An application has been
made for a re-hearing in this case, and the
counsel opposed to it has been heard. The
only question is that of costs, the payment of
which to the plaintiff depends on his having
proved an amicable demand, the evidence es-
tablishes it was made, and the parish court er-
red in not giving judgment for them against the
defendant.

East'n. District,
*July* 1825.

Dow
*vs.*
Shimmin.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that the plaintiff do recover of the defendant the sum of $195 50, with costs in both courts.

*M·Caleb* for the plaintiff, *Preston* for the defendant.